JOHNSON *v.* GENERAL CONTRACT PURCHASE CORPORATION.

4-9282 · 234 S. W. 2d 41

Opinion delivered November 20, 1950.

*Ivie C. Spencer,* for appellant.

*Westbrooke & Westbrooke,* for appellee.

HOLT, J. This is a suit in replevin filed May 18, 1949. Appellee, General Contract Purchase Corporation, alleged in its complaint that it was the owner and entitled to possession of a certain Ford truck of the value of $600.91, exclusive of interest and costs, that appellant, Walter Johnson, was in possession of said property and unlawfully detaining it under the claim of alleged ownership. Prayer was for judgment for recovery of said truck, damages and costs.

Appellant answered with a general denial.

By agreement, the cause was tried before the Court, sitting as a jury. The Court found that appellee was entitled to possession of the truck and that its value was $600.91, and entered judgment for possession. It was further ordered that "if delivery thereof cannot be had, plaintiff shall recover of and from said defendant the sum of $600.91, with interest from March 18, 1949, the value of said property; * * * and if defendant does not pay the sum of $600.91 with interest, then same may be recovered of and from Darrell Stone and D. J. Steinsiek, bondsmen on cross bond filed herein, together with costs laid out and expended for all of which execution may issue."

This appeal followed.

Appellee maintained a place of business in Pocahontas, with Roland Morris its agent in charge. August 28, 1948, appellee, through its representative, Morris, loaned Connie Ehrhardt $1,201.75 on the Ford truck in question. Ehrhardt, at the time, executed his note for the amount of the loan and as security properly executed a chattel mortgage on the truck. This mortgage was filed with the Circuit Clerk of Randolph County September 7, 1948. Thereafter, October 6, 1948, Ehrhardt sold the truck to Darrell Stone in Jonesboro and in November, 1948, Stone sold and delivered this truck to appellant, Johnson.

Appellant earnestly contends that the evidence shows Ehrhardt was not a resident of Randolph County at the time the chattel mortgage in question was filed with the Circuit Clerk, and therefore said mortgage was not notice to appellant, a third party. We cannot agree.

Ark. Stats. 1947, § 51-1001 (§ 9434, Pope's Digest) provides (in part): "All mortgages whether for real or personal estate, shall be proven or acknowledged in the same manner that deeds for the conveyance of real estate are now required by law to be proven or acknowledged; and when so proven or acknowledged shall be recorded, if for lands in the county or counties, in which the lands lie, and if for personal property, in the county in which the mortgagor resides."

There was substantial evidence, which we presently point out, from which the trial court would have been warranted in finding that Ehrhardt was, in fact, a resident of Randolph County both at the time the mortgage was executed and at the time (September 7, 1948) the mortgage in question was filed with the Circuit Clerk of that county. Ehrhardt stated in his verified mortgage, in the original bill of sale of the truck to him (March 20, 1948) and also in his certificate of registration (August 13, 1948) with the Arkansas Revenue Department that he was, on each of these dates, a resident of Randolph County.

Roland Morris testified positively that Ehrhardt was a resident of Randolph County at the time he, Morris, as appellee's representative, financed the loan to Ehrhardt, as evidenced by the note and mortgage here involved. Ehrhardt did not testify.

We hold, therefore, that on substantial evidence Ehrhardt was a resident of Randolph County, that the mortgage here in question was properly filed in said county and was notice to appellant from the date of its filing.

Accordingly, the judgment is affirmed.